CARTER *v.* CARTER.

(No. 16568—Decided September 25, 1970.)

Common Pleas Court of Gallia County.

*Mr. William P. Cherrington,* for plaintiff.
*Mr. Warren F. Sheets,* for defendant.

CALHOUN, J. The defendant has filed the following motion in the above styled case:

"Now comes the defendant, by his attorneys, and moves the court for an order requiring the plaintiff to make her amended petition definite and certain by setting forth the specific acts which constitute the alleged grounds of extreme cruelty.

"Memorandum in Support of Motion

"A petition in a divorce action which alleges bare statutory grounds for divorce, without stating in clear and concise language the facts which if proved will sustain such allegations, is subject to a motion to make definite and certain. 165 Ohio St. 112, *Dansby* v. *Dansby.*"

The new Ohio Rules of Civil Procedure effective July 1, 1970, are designed to expedite matters and to eliminate the filing of dilatory motions and pleadings, such as demurrers, motions to strike, and motions to make definite and certain, where the pleading is sufficiently clear to apprise the opposing party of the general complaint; and, the rules also provide for more liberal discovery procedures in order that the opposing party may adequately prepare for his defense.

Rule 8(A) provides as follows:

"A pleading which sets forth a claim for relief, whether an original claim, counterclaim, crossclaim, or third-party claim, shall contain (1) a short and plain statement of the claim showing that the pleader is entitled to relief, and (2) a demand for judgment for the relief to which he deems himself entitled. Relief in the alternative or of several different types may be demanded."

Rule 12(E) provides as follows:

"If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, he may move for a definite statement before interposing his responsive pleading. The motion shall point out the defects complained of and the details desired. If the motion is granted and the order of the Court is not obeyed within fourteen days after notice of the order or within such

other time as the Court may fix, the Court may strike the pleading to which the motion was directed or make such order as it deems just.''

It appears clear to this court that the Ohio Supreme Court in drafting Rule 8(A), *supra,* intended that in divorce actions the complaining party would be required to set forth as grounds for divorce only those grounds provided for in the Ohio Rules of Civil Procedure, and the Supreme Court in drafting said rule also overruled the case of *Dansby* v. *Dansby, supra.*

Further evidence of the intent of the Ohio Supreme Court in this regard may be noted in Appendix of Forms to the Ohio Rules of Civil Procedure, published in the Ohio Bar on June 29, 1970 (Form 20), which provides *only* for the statement of ''Statutory grounds for divorce as provided by law.''

It is, therefore, the finding of this court that Rule 8(A) of the Ohio Rules of Civil Procedure, effective July 1, 1970, overrules the case of *Dansby* v. *Dansby,* 165 Ohio St. 112, and a motion to make definite and certain is an improper pleading in a divorce action when the complaint sets forth statutory grounds for relief.

It is, therefore, hereby ordered, adjudged, and decreed that the defendant's motion to make definite, and certain be, and the same hereby is, overruled.

Defendant is granted leave to file his answer on or before October 7, 1970.